Michael A. Gould (SB# 151851)
Michael@wageandhourlaw.com
Aarin Zeif (SB# 247088)
Aarin@wageandhourlaw.com
Gould & Associates
A Professional Law Corporation
17822 East 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Richard A. Jones (SB# 117679)
Law Offices of Richard A. Jones
1820 E. 17th Street
Santa Ana, California 92705
Telephone: (714) 480-0200
Facsimile: 714-480-0423

Attorneys for Plaintiff
BRIAN MARTIN

STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
BRIGHAM M. CHENEY (SB# 238219)
brighamcheney@paulhastings.com
PAUL HASTINGS, LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

WILLIAM H. PICKERING
wpickering@chamblisslaw.com
(Admitted Pro Hac Vice)
BRADLEY M. DAVIS
bdavis@chamblisslaw.com
(Admitted Pro Hac Vice)
CHAMBLISS, BAHNER & STOPHEL, P.C.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 756-3000
Facsimile: (423) 508-1218

Attorneys for Defendant
MCKEE FOODS CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BRIAN MARTIN, | CASE NO: 8:15-cv-00732-AG-JCG |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | Action Filed: April 1, 2015 |
| | Trial Date: January 31, 2017 |
| MCKEE FOODS CORPORATION, and DOES 1 through 25, | Hon. Andrew J. Guilford |
| Defendants. | |

1        In accordance with the Stipulation of the Parties, it is hereby, ORDERED

2

3    as follows:

4

5        1.      Discovery in this action is likely to involve confidential,

6    proprietary, or private information requiring special protection from public

7    disclosure and from use for any purpose other than this litigation.  Therefore,

8    in connection with discovery proceedings in this action, the parties may designate

9    any document, thing, material, testimony or other information derived therefrom, as

10   "CONFIDENTIAL" under the terms of this Protective Order (hereinafter "Order").

11   Confidential information is information which has not been made public and

12   includes but is not necessarily limited to information which concerns or relates to

13   the processes, operations, type or work, or apparatus, or to the production, sales,

14   distribution, personnel, shipments, purchases, transfers, identification of customers,

15   inventories, finances, costs, margins, income, profits, losses, or expenditures of any

16   persons, firm, partnership, corporation, or other organization, the disclosure of

17   which information may have the effect of causing harm to the competitive position

18   of the person, firm, partnership, corporation, or to the organization from which the

19   information was obtained.  By designating a document, thing, material, testimony,

20   or other information derived therefrom as "CONFIDENTIAL," under the terms of

21   this Order, the party making the designation is certifying to the court that there is a

22   good faith basis both in law and in fact for the designation within the meaning of

23   Fed. R. Civ. P. 26(g).

24

25       2.      Confidential documents shall be so designated by stamping copies of

26   the document produced to a party with the legend "CONFIDENTIAL."  Stamping

27   the legend "CONFIDENTIAL" on the cover of any multipage document shall

28   designate all pages of the document as confidential, unless otherwise indicated by

1 the producing party.

2

3      3.     Testimony taken at a deposition, conference, hearing or trial may be

4 designated as confidential by making a statement to that effect on the record at the

5 deposition or other proceeding or up through and including ten business days

6 following such deposition or other proceeding.  Arrangements shall be made with

7 the court reporter taking and transcribing such proceeding to separately bind such

8 portions of the transcript containing information designated as confidential, and to

9 label such portions appropriately.

10

11     4.     Material designated as confidential under this Order, the information

12 contained therein, and any summaries, copies, abstracts, or other documents derived

13 in whole or in part from material designated as confidential (hereinafter

14 "Confidential Material") shall be used only for the purpose of the prosecution,

15 defense, or settlement of this action, and for no other purpose.

16

17     5.     Confidential Material produced pursuant to this Order may be

18 disclosed or made available only to the Court, to counsel for a party (including any

19 paralegal, clerical, and secretarial staff employed by such counsel), and to the

20 "qualified persons" designated below:

21

22          (a)     a party, or an officer, director, or employee of a party deemed

23          necessary by counsel to aid in the prosecution, defense, or settlement

24          of this action;

25

26          (b)     experts or consultants (together with their clerical staff) retained

27          by such counsel to assist in the prosecution, defense, or settlement of

28          this action;

(c)     court reporter(s) employed in this action;

(d)     witnesses in the action to whom disclosure is reasonably necessary during their depositions or other proceedings in this action;

(e)     the author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

(f)     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.     Depositions shall be taken only in the presence of qualified persons.

7.     The parties may further designate certain discovery material or testimony of a highly confidential and/or propriety nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in Paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5 (b) through (f) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order

with respect to confidentiality shall also apply.

8.     Any challenge to the confidentiality designation of a document shall proceed under Local Rule 37-1 through 37-4.

9.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material s it deems appropriate.

10.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal until further order of the Court.

11.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentially during such use.

12.    If a party is served with a subpoena or a court order issued in another proceeding that compels disclosure of any Confidential Material, that party must: (a) promptly notify the designator in writing and provide a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or court order to issue in the other proceeding that some of or all of the material covered by the subpoena or court order is subject to this Order and provide a copy of this Order; and (c) cooperate with all reasonable procedures sought by the designator whose material may be affected.  If the designator timely seeks a

protective order, the party served with the subpoena or court order shall not produce any Confidential Material before determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission.

13.     When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

14.     This Order shall be without prejudice to the right of the parties to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

15.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not

1   become known to the public, and the Court shall retain jurisdiction to resolve any

2   dispute concerning the use of information disclosed hereunder.  Upon termination

3   of this case, counsel for the parties shall assemble and return to each other all

4   documents, material and deposition transcripts designated as confidential and all

5   copies of same, or shall certify the destruction thereof.

6

7

8        IT IS SO ORDERED,

9

10   DATED:  October 23, 2015

11                                            _____
                                              HON.  JAY C. GANDHI
                                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully

familiar with the terms of the Protective Order entered in *Brian Martin v. McKee*

*Foods Corporation*, United States District Court for the Central District of

California, Case No. 8:15-CV-00732, and hereby agree to comply with and be

bound by the terms and conditions of said Order unless and until modified by

further Order of this Court.  I hereby consent to the jurisdiction of said Court for

purposes of enforcing this Order.

DATED:_____

_____